UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALONZO SHAFFER,

              Plaintiff,

v.

CURT BENSON and
AMANDA EMME,

              Defendants.

_____/

Case No. 1:22-cv-1220

Hon. Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil action brought by *pro se* plaintiff Alonzo Shaffer.  For the reasons set forth below, this complaint should be dismissed.

**I.    Discussion**

*Pro se* plaintiff has filed a paper entitled, "Motion to say I plaintiff do not want to die by the hands of any corrupt employee of State of Michigan, Plaintiff Shaffer Motion for grand jury to oversee entire case in pursuant to – Rule 6 from beginning to end" (ECF No. 1).  The paper's caption lists the plaintiff as a street address in Kalamazoo County and the defendants as "Individual all capacities whatever they may be Curt Benson (Amanda Emme) Et al . . . MORE" (ECF No. 1, PageID.1).  The Clerk's office has filed this paper as a complaint.

Plaintiff's complaint is a largely unintelligible document.  It states no time frame. Plaintiff claims to bring this action pursuant to "18 U.S. Code 242, 42 § 1983, Et . . . ."  Compl. at PageID.1.  Plaintiff states that he has a grievance against "Curt Benson of CMDA law firm Amanda Emme & MORE Of Kalamazoo County Sheriff Department."  *Id*. The complaint contains two headings of "1111. Murder. 1112. Manslaughter."  *Id*. at PageID.1-2.  Under the first heading,

plaintiff states that "Amanda is Direct Witness TO capital Attempt Murder Inside of an Entity Located In side County Of Kalamazoo Michigan." *Id*. Plaintiff alleged that Amanda Emme witnessed two corrections officers "attempted Murder a american Citizen with protected rights By use of force Strangulation knees in spine." *Id*. "One other Individual Officer Knee in Spine bending legs of Plaintiff Alonzo Shaffer." *Id*. It appears that plaintiff wants Amanda Emme summoned to federal court because she is in a conspiracy "to attempted Murder" and should pay him $10,000,000.00. *Id*. Plaintiff makes a similar claim against Curt Benson in the second heading entitled "1111. Murder. 1112. Manslaughter", alleging conspiracy to commit murder or manslaughter, that Benson is harboring "witness Amanda Emme," that Benson is part of the conspiracy for attempted murder, and that "Curt Benson & Agency Firm Benson works for" should pay plaintiff $10,000,000.00. *Id*. at PageID.1-2.

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility

2

> when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678  (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true.  *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations."  *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

The gist of plaintiff's claim is: that on an unidentified date defendant Amanda Emme witnessed an unidentified officer place a knee in plaintiff's spine and bend his legs; that defendant Amanda Emme is part of a murder conspiracy; and that defendant Curt Benson is part of the conspiracy by harboring defendant Amanda Emme.

Plaintiff's attempt to sue defendants for monetary damages under the criminal statute, 18 U.S.C. § 242 ("deprivation of rights under color of law") is frivolous.  "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). "Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983)." *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989).

Plaintiff also seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured

by the Constitution or federal laws by those acting under color of state law." *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983. Here, plaintiff alleged no facts to support either of these elements. Plaintiff's claim that defendants were involved in a vague conspiracy consists of nothing more than "unadorned, the – defendant[s] - unlawfully - harmed - me accusation[s]" which are insufficient to state a claim for relief. *See Iqbal*, 556 U.S. at 678. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated: February 2, 2023 /s/ Ray Kent
RAY KENT
United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).