UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALONZO SHAFFER,                                       )<br>      Plaintiff,     )<br>v.                 )<br>                   )<br>CURT BENSON and       )<br>AMANDA EMME,        )<br>      Defendants.     )<br>_____ ) | No. 1:22-cv-1220<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

Plaintiff commenced this action on December 22, 2022. Because Plaintiff was permitted to proceed as a pauper (ECF No. 4), Magistrate Judge Kent reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Upon his review, Judge Kent issued a Report & Recommendation ("R&R"), recommending that this Court dismiss Plaintiff's complaint for its failure to state a claim (ECF No. 6). Plaintiff was given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and he subsequently filed a document titled "Reply to Honorable Judge Maloney R&R," which the Court construes as an objection to the R&R (ECF No. 7). Much like the complaint, the "objection" is nonsensical and fails to state a claim upon which relief can be granted. Therefore, the Court will adopt the R&R and terminate this matter.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and

recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

> Judge Kent summarized the complaint as follows:
>
> The gist of plaintiff's claim is: that on an unidentified date defendant Amanda Emme witnessed an unidentified officer place a knee in plaintiff's spine and bend his legs; that defendant Amanda Emme is part of a murder conspiracy; and that defendant Curt Benson is part of the conspiracy harboring defendant Amanda Emme.

(ECF No. 6 at PageID.13). For the most part, the complaint is nonsensical and frivolous, and at the very least, it fails to state a claim (*see generally id.*). Similarly, Plaintiff's "objection" to the R&R (*see* ECF No. 7) is nonsensical, and it most certainly does not constitute a specific objection within the meaning of Fed. R. Civ. P. 72. *See Mira*, 806 F.2d at 637. Thus, the Court will adopt the R&R and dismiss this matter for failure to state a claim upon which relief can be granted. Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 6) as the opinion of the Court. Plaintiff has failed to state a claim upon which relief can be granted, and this matter is **TERMINATED.**

**IT IS FURTHER ORDERED** that Plaintiff's "motion for hearing" (ECF No. 5) is **DISMISSED** as moot.

Judgment to follow.

**IT IS SO ORDERED.**

Date: February 8, 2023                                              /s/ Paul L. Maloney
                                                                                  Paul L. Maloney
                                                                                  United States District Judge